UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEREK SLOAN,

                Plaintiff,

-against-

ROBERT L. LANGLEY, SHERIFF OF PUTNAM COUNTY; KEVIN RADOVICH; BRIAN NEARY; SGT. KENNEDY; PUTNAM COUNTY; PUTNAM COUNTY SHERIFF'S DEPARTMENT,

                Defendants.

22-CV-5951 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Derek Sloane,[1] who is currently incarcerated at Five Points Correctional Facility, brings this action *pro se*.[2] Plaintiff also requests to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). Plaintiff is barred, however, from filing any new action IFP while he is a prisoner. *See Sloane v. Eriser*, ECF 1:16-CV-5721, 7 (S.D.N.Y. Oct. 3, 2016). That order relied on the "three-strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Although Plaintiff spells his last name "Sloan" in the caption of the complaint, the remainder of the complaint, including the signature page, and public records maintained by the New York State Department of Corrections and Community Supervision confirm that Plaintiff's last name is "Sloane." (*See, e.g.*, ECF 1, at 5, 6, 18); *see also* https://nysdoccslookup.doccs.ny.gov/, Derek Sloane, DIN: 22B0727/

[2] Plaintiff originally filed this action in the United States District Court for the Eastern District of New York. *See Sloan v. Langley*, No. 22-CV-3987 (E.D.N.Y. July 11, 2022). By order dated July 11, 2022, the Eastern District transferred the action to this court. (*See* ECF 5.)

Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff alleges that Defendants, who are Putnam County Sheriff's Department officers, violated his rights during a December 15, 2020, arrest. Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury.[3] *Id.* The Clerk of Court is directed to terminate all pending motions.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 14, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).