UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEREK SLOAN,

                Plaintiff,

-against-

ROBERT L. LANGLEY, SHERIFF OF
PUTNAM COUNTY; KEVIN RADOVICH;
BRIAN NEARY; SGT. KENNEDY; PUTNAM
COUNTY; PUTNAM COUNTY SHERIFF'S
DEPARTMENT,

                Defendants.

22-CV-5951 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this action *pro se*.[1] On July 14, 2022, the Court dismissed the complaint under the Prison Litigation Reform Act's "three strikes" rule, 28 U.S.C. § 1915(g). On August 4, 2022, Plaintiff filed a "reply letter" asking the Court to "reinstate" his complaint and "forward" it to New York State Supreme Court in Brooklyn. (ECF 9.)

    The Court liberally construes this submission as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure, a motion for reconsideration under Local Civil Rule 6.3, and a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b) *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate,

---

[1] Plaintiff originally filed this action in the United States District Court for the Eastern District of New York. *See Sloan v. Langley*, No. 22-CV-3987 (E.D.N.Y. July 11, 2022). By order dated July 11, 2022, the Eastern District transferred the action to this court. (*See* ECF 5.)

continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

### A. Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

A motion filed under Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." *Id.*

In his motion, Plaintiff asserts that this action falls within Section 1915(g)'s exception for complaints alleging that a plaintiff is in imminent danger of serious physical injury. An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009). Here, Plaintiff alleges that he "was under imminent danger when Defendant Kevin Radovich pointed his gun in Plaintiff['s] face while Plaintiff was in the rear-seat of Defendant Brian Neary['s] vehicle hand-cuffed." (ECF 9, at

2.) In the complaint, Plaintiff alleges that this incident took place on December 15, 2020. (*See* ECF 1, at 7-9.) Because Plaintiff filed the complaint on June 22, 2022, well after any danger arising from the December 15, 2020, incident had dissipated, Section 1915(g)'s imminent danger exception does not apply.

Plaintiff also appears to suggest that instead of dismissing this action under Section 1915(g), the Court should have transferred the action to a state court in Brooklyn. He writes that "this action came out of Putnam County rather then, Westchester County. Jurisdiction is in Brooklyn District. Plaintiff asserts that the action be transferred from the Southern District of New York, to Supreme Court of the State of New York. To be tried in that courthouse. Under New York State Constitutional Law." (ECF 9, at 1) (all errors in original). Plaintiff does not provide, and nor is the Court aware of, any authority that would require or even permit the Court to "transfer" his case to a New York State Court.[2]

Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Fed. R. Civ. P. 59(e).

**B.      Motion for Reconsideration under Local Civil Rule 6.3**

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

---

[2] The Court notes that contrary to Plaintiff's assertion, Putnam County falls with the Southern District of New York. *See* 28 U.S.C. § 112(b). Brooklyn, which is in Kings County, New York, falls within the Eastern District of New York. *See* 28 U.S.C. § 112(c).

A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." *Id.*

Because Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action, the Court denies Plaintiff's motion under Local Civil Rule 6.3.

**C.     Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot

circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 9) is denied.

This action is closed. The Clerk of Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why Plaintiff should not be barred from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 8, 2022
New York, New York

             /s/ Laura Taylor Swain
               LAURA TAYLOR SWAIN
             Chief United States District Judge